UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JUAN RODRIGUEZ,

Petitioner,

v.　　　　　　　　　　　　　　　　　　Case No. 5:09-cv-345-Oc-17GRJ

WARDEN, FCC COLEMAN - USP I,

Respondent.

## ORDER

Petitioner, a federal inmate incarcerated at FCC Coleman, initiated this *pro se* case by filing a Petition for Writ of Mandamus. Doc. 1. Petitioner alleges that he has been confined in the Special Housing Unit (SHU) at Coleman since April 6, 2009. Id. at 1. Initially, Petitioner was confined pursuant to an administrative detention order for investigation of unexplained injuries. Id. at 2. On May 4, 2009, Petitioner was served with an incident report charging him with attempted escape and other offenses. Id. Petitioner alleges that he received a disciplinary hearing on that incident report on June 28, 2009, and was exonerated. Id. However, on July 1, 2009, Petitioner was served with another administrative detention order advising him that he would remain confined in the SHU pending further investigation by the prison's Special Investigative Service. Id. at 3. Petitioner contends that his continued confinement in the SHU violates his constitutional rights, and he seeks an order directing his release to the general population. Id. at 6.

Petitioner fails to state a cognizable claim for mandamus relief. Pursuant to 28 U.S.C. § 1361, district courts have jurisdiction over a mandamus action "to compel an officer or employee of the United Sates or any agency thereof to perform a duty owed to the plaintiff." "The common law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). A writ of mandamus "is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." Carter v. Seamans, 411 F.2d 767, 773 (5th Cir. 1969). "Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) 'no other adequate remedy [is] available.'" Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003) (quoting Jones v. Alexander, 609 F.2d 778, 781 (5th Cir. 1980)).

In this case, the Respondent's decision as to whether to confine Petitioner in the SHU is plainly not the type of nondiscretionary or ministerial duty for which mandamus relief would be appropriate. Moreover, Petitioner does have another available remedy for challenging his continued confinement in the SHU, by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Medberry v. Crosby, 351 F.3d 1049, 1053 (11th Cir. 2003) ("Under our precedent, 'it is proper for a district court to treat a petition for release from administrative segregation as a petition for a writ of habeas corpus' because '[s]uch release falls into the category

of 'fact or duration of . . . physical imprisonment' delineated in Preiser v. Rodgriguez.'") (quoting Krist v. Ricketts, 504 F.2d 887, 887-88 (5th Cir. 1974)).

Because Petitioner in this case clearly seeks mandamus relief, the Court declines to construe the Petition as a petition for a writ of habeas corpus. Further, Petitioner concedes that he has not exhausted prison administrative remedies with respect to his claims. Doc. 1 at 3. Although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a petition for a writ of habeas corpus pursuant to § 2241, the Eleventh Circuit has nonetheless held that exhaustion is jurisdictional. Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992).

Petitioner's allegations reflect that he is aware of the administrative remedy process and understands the steps necessary to administratively exhaust his claims. See Doc. 1 at 3. However, Petitioner alleges that he has been denied administrative remedy forms and the assistance of bilingual staff to help him prepare his administrative remedy requests. Doc. 1 at 3. Petitioner does not allege that he has attempted to submit written administrative remedy requests without the forms. Further, the fact that Petitioner has cogently presented his claims to this court suggests that he is able to similarly present his claims to the BOP. Thus, the court is not persuaded that there is any basis for waiving the exhaustion requirement in this case.

For the foregoing reasons, this case is hereby **DISMISSED without**

**prejudice**. The Clerk of the Court shall terminate any pending motions, enter judgment accordingly, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 28th day of August 2009.

United States District Judge

c: Juan Rodriguez